Ora v. Bane.

No. 18,860.

CHARLES ORA, *Appellee,* v. D. H. BANE et al. (JOHN H. WOOD, *Appellant*).

SYLLABUS BY THE COURT.

1. BONA FIDE PURCHASER—*Recording of Deed from Stranger to Record Title—No Notice to Purchaser.* One who purchases land from the holder of the record title is not chargeable with notice of a recorded deed made by one who was the real owner but who was a stranger to the record title, notwithstanding the grantor in such deed acts as the agent of the record owner in negotiating the sale.

2. SAME. The fact that in such circumstances the buyer of the land authorizes such agent to receive the deed from the record owner, and cause it to be recorded and sent to him, is not sufficient to charge the buyer with notice of the true state of the title.

Appeal from Harvey district court; CHARLES E. BRANINE, judge. Opinion filed June 6, 1914. Reversed.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Garden City, for the appellant.

*Clarence Spooner,* of Newton, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 27, 1910, while the record title to a tract of land stood in Charles R. Hinton, D. H. Bane made a deed of general warranty, purporting to convey it to Charles Ora. This deed was recorded June 3, 1910. Bane, acting as the agent of Hinton, negotiated a sale of the property from Hinton to John H. Wood, and a deed from Hinton to Wood was executed June 10, 1910, and recorded June 18, 1910. In December, 1910, Ora brought an action to quiet title against Wood, alleging in substance that Hinton had held the legal title to the land in trust for Bane, who had been the real owner; that the deed from Bane to Ora therefore passed a good title; and that Wood acquired his deed

under such circumstances as precluded his asserting title as an innocent purchaser upon the strength of the record. Ora recovered a judgment, and Wood appeals.

The execution and recording of the deeds referred to was shown. It was stipulated that Hinton became the owner of the property by a deed made to him May 17, 1910. There was some evidence of transactions between Bane and Hinton, but we do not discover in the abstract anything indicating that Bane and not Hinton was the real owner of the property, beyond Bane's execution of the warranty deed, which was an assertion of title. Assuming, however, that Hinton in fact held the title in trust for Bane, we think it must be held that Wood was protected by the state of the record. The only evidence on the subject was that of Wood himself, who was called as a witness by the plaintiff. According to his testimony the land deal came about in this way: Bane told him that Hinton owned the land and that he (Bane) had it for trade. Wood offered some mining stock and Tennessee land for it. Bane said he would submit the proposition to Hinton. Later Bane notified Wood that the offer was accepted, and the papers were exchanged. Wood traded without requiring an abstract or looking up the title because he knew the amount of mortgages against the property and regarded it as encumbered to nearly its full value and did not care much about the title. He did not see the land, but had been all over the locality and knew about what it was worth. He delivered his papers to Bane for Hinton, the deed running to the latter, and asked Bane to have the deed from Hinton recorded. It was filed for record by Bane and afterwards sent to Wood.

We do not regard this evidence as justifying a finding that Wood was not entitled to protection as a purchaser in good faith. The recording of the deed made to Ora imparted no constructive notice to Wood of the claim of Ora because the grantor, Bane, was a stranger to the record title. (24 A. & E. Encycl. of L. 150;

39 Cyc. 1728; Note, 18 Ann. Cas. 14.)   We do not think the fact that Bane acted as the agent of Hinton was sufficient to change the general rule in this respect. The testimony of Wood gives a reasonable explanation of his failure to require an abstract of title or to examine the land before buying.   It is suggested that he made Bane his agent to obtain, record and forward the deed from Hinton, and that therefore Bane's knowledge is imputable to him.   Bane can not be regarded as the agent of Wood in making the trade.   That Wood entrusted Bane with the manual act of receiving the deed and procuring its record did not involve such relations as to raise a presumption of Bane having made any communication to Wood concerning the title.

The judgment is reversed and the cause remanded with directions to grant a new trial.